7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael K. COWAN, Petitioner-Appellant,
v.
STATE OF OKLAHOMA; ATTORNEY GENERAL OF THE STATE OF
OKLAHOMA, Respondents-Appellees.
 No. 93-7002.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 12, 1993.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Michael K. Cowan appeals from an order of the district court denying his petition for habeas corpus filed pursuant to 28 U.S.C. 2254. We affirm.
 
 
 4
 Petitioner alleges he was denied due process because the judge who presided at his 1986 trial violated Okla. Stat. tit. 12, 2605[2] by testifying at a nunc pro tunc competency hearing, and that he was denied his right to confrontation and his right to remain silent at that hearing.
 
 
 5
 After a jury trial in 1986, petitioner was found guilty of first degree manslaughter and was sentenced to twenty-one years imprisonment. The conviction was affirmed on appeal. In 1991, the Oklahoma Court of Criminal Appeals granted petitioner's second application for post-conviction relief and remanded the case to the district court for a determination of whether petitioner had waived a post-examination competency hearing and, if not, whether the court could conduct a competency hearing nunc pro tunc.
 
 
 6
 On remand, the state district court found that petitioner had not waived his right to such a hearing and determined that a nunc pro tunc hearing was feasible. At that hearing, conducted before a different judge than the one who presided at petitioner's trial, the court heard testimony from the trial judge, the sheriff, and the psychologist who had conducted petitioner's competency examination before trial. Also in evidence was a statement petitioner gave in connection with the preparation of his presentence investigation report (PSI). The court found that petitioner was competent to stand trial.
 
 
 7
 We reject petitioner's first argument that the judge who presided over his trial could not testify at the competency hearing because that post-conviction proceeding was a part of his trial. See Willoughby v. City of Okla. City, 706 P.2d 883, 888 (Okla.1985) (holding 2605 not violated because trial judge had been requested to testify in separate post-trial proceeding, not as a witness in the trial at which he presided). The post-conviction proceeding is separate from the trial.
 
 
 8
 In fact, a nunc pro tunc hearing is significantly enhanced when the trial judge has the benefit of his own personal observation of defendant during the trial. See United States v. Makris, 535 F.2d 899, 904 (5th Cir.1976), cert. denied, 430 U.S. 954 (1977). Judges called as witnesses in subsequent proceedings frequently rely upon their personal observations from the trial. Nicks v. United States, 955 F.2d 161, 169 (2d Cir.1992) ("it is entirely proper for a trial judge to rely on his or her own recollections in ruling on a motion to vacate a conviction"); Speedy v. Wyrick, 748 F.2d 481, 484 (8th Cir.1984) (state trial judge testified as to his recollection of defendant's behavior at trial at federal habeas hearing), cert. denied, 471 U.S. 1019 (1985); Pickens v. Lockhart, 714 F.2d 1455, 1466 (8th Cir.1983) (state trial judge testified in federal habeas case regarding defendant's counsel's competency); Pate v. Smith, 637 F.2d 1068, 1069 (6th Cir.1981) (trial judge testified at state hearing on motion to supplement record on appeal as to his personal knowledge of petitioner for over twenty years, and that he did consider the psychiatric report); cf. Lafferty v. Cook, 949 F.2d 1546, 1565 (10th Cir.1991) (Brorby, J., dissenting) (trial judge relied on his personal observation of defendant at both the competency hearing and trial as additional support for his conclusion defendant was competent to proceed), cert. denied, 112 S.Ct.1942 (1992). The state district court did not err in considering the testimony of the trial judge.
 
 
 9
 Petitioner also argues he was denied his right to confrontation because he was not permitted to examine the person who prepared his PSI. Petitioner does not allege the PSI contained any errors. At the competency hearing, the state district court stated it considered only the statement petitioner gave at the time the PSI was prepared. No confrontational right is implicated under these circumstances.
 
 
 10
 Finally, petitioner argues he was denied the right to remain silent at the competency hearing because the PSI was received into evidence. The Fifth Amendment right against self-incrimination protects the accused by requiring the government to obtain inculpatory evidence by means other than "by the cruel, simple expedient of compelling it from [the accused's] own mouth." Miranda v. Arizona, 384 U.S. 436, 460 (1966). But "[a] routine post-conviction presentence interview by a probation officer does not constitute the type of inherently coercive situation and interrogation by the government for which the Miranda rule was designed." United States v. Rogers, 921 F.2d 975, 979 (10th Cir.), cert. denied, 498 U.S. 839 (1990). Our review of petitioner's statement does not show any significant variation from his testimony at trial, and we see no basis for overturning the state court's determination based upon its admission.
 
 
 11
 AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Okla. Stat. tit. 12, 2605 provides that the "judge presiding at the trial shall not testify in that trial as a witness."